IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                              Criminal No. 3:20CR137

KENNETH L. OTEY

### MEMORANDUM OPINION

Kenneth L. Otey, a federal inmate proceeding pro se, has filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 177). Otey raises the following claims for relief:

Claim One: "Trial counsel was ineffective for failing to object to the District Court's dismissal of the Indictment without finding that the dismissal was not based on bad faith or in disservice to the public interest." (Id. at 4.)[1]

Claim Two: "Counsel failed to render effective assistance during the guilt[] or penalty phase by not objecting to the District Court's dismissal of the Indictment without . . . ordering the Government to follow Fed. R. Crim. 48(a) 'leave of the court' requirement." (Id. 5.)

For the reasons set forth below, Otey's § 2255 Motion (ECF No. 177) will be denied.

---

[1] The Court uses the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in quotations from Otey's submissions. The Court omits the emphasis in the quotations from Otey's submissions.

## I. PROCEDURAL HISTORY

Otey was charged in a seven-count indictment with conspiracy to distribute and possess with intent to distribute cocaine and heroin (Count One), distribution of heroin (Counts Two through Five) and, possession of a firearm by a convicted felon (Count Six). (ECF No. 12.) Thereafter, Otey, by counsel, negotiated a plea agreement wherein Otey agreed to waive indictment and plead guilty to a four-count Criminal Information charging Otey as follows: conspiracy to distribute and possess with intent to distribute cocaine (Count One); distribution of heroin (Count Two); possession of a firearm by a convicted felon (Count Three); and, conspiracy to participate in an animal fighting venture (Count Four). (ECF No. 103 ¶ 1.) The Plea Agreement further provided that: "Upon execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the original indictment against defendant." (Id. ¶ 10.) Additionally, the parties agreed to jointly recommend a total term of imprisonment of 300 months. (Id. ¶ 5.) The Court accepted Otey's plea. (ECF No. 107.)

On August 3, 2021, the Court sentenced Otey to 300 months of imprisonment. (ECF No. 164.) Additionally, on the motion of the United States, the Court dismissed the original indictment against Otey. (ECF No. 165, at 1.)

2

On May 16, 2022, Otey filed a "Motion of Stay/Continuance," which appears to request that the Court allow him to file a 28 U.S.C. § 2255 motion. (ECF No. 167.) On August 22, 2022, Otey filed his § 2255 Motion. (ECF No. 177.) Otey's "Motion of Stay/Continuance" of 2255 (ECF No. 167) will be granted to the extent that the Court will consider the merits of his § 2255 Motion.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland,

3

466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

Otey faults counsel for failing to challenge the Government's dismissal of the Indictment. Otey suggests that the Government failed to obtain leave of Court. That is not correct. The record reflects, that in accordance with the terms of the Plea Agreement, at sentencing, the Government moved to dismiss the original indictment and the Court granted that motion. (ECF No. 164, at 1; ECF No. 165, at 1.) Given these circumstances, counsel reasonably eschewed the frivolous objections Otey urges here. Otey's motion, in fact, is frivolous and whether generated by Otey, or by some "jailhouse lawyer," it warrants no further consideration. Claims One and Two will be dismissed because Otey fails to demonstrate deficiency or prejudice.

### III. CONCLUSION

Otey's "Motion of Stay/Continuance" of 2255 (ECF No. 167) will be granted to the extent that the Court will consider the merits of his § 2255 Motion. The Government's Motion to Dismiss (ECF No. 182) will be granted. Otey's claims and the action will

be dismissed.  The § 2255 Motion (ECF No. 177) will be denied.  A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Otey and counsel for the Government.

It is so ORDERED.

                                /s/  REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  November 25, 2024